BENJAMIN GETCHELL *vs.* MICHAEL GOODEN and logs.

*Lien on logs—declaration in suit to enforce.*

It is not necessary to allege, in a suit brought to enforce a laborer's lien on logs, that the logs had not arrived at their place of destination for use or manufacture, sixty days before the date of the writ.

ON EXCEPTIONS.

ASSUMPSIT to recover for labor in cutting and hauling certain spruce and cedar logs.

The declaration contained a count in the ordinary form of assumpsit upon account annexed—the account being for a "balance due for labor in winter of 1871-2, in cutting and hauling spruce and cedar logs . . . . upon which logs the plaintiff claims a lien for the balance due him as aforesaid;" also, two other *indebitatus assumpsit* counts for the same services with similar averments of a claim for lien.

Notice was ordered by the court upon J. B. Foster and William P. Hubbard, claimants and owners of the logs, who appeared and filed a general demurrer to the declaration, the grounds relied upon in support of which are given in the opinion. The demurrer was sustained and the plaintiff excepted.

*L. Powers* and *Robinson & Hutchinson,* for the plaintiff.

*Madigan & Donworth,* for the claimants.

PETERS, J. The log owners contend that the writ in this case is not sufficient, because it is not alleged that the logs had not been sixty days at their place of destination for use or manufacture at the date of the writ. But the facts, which constitute the lien, are distinctly stated. We do not see that it is necessary to declare affirmatively that an alleged lien has not been lost by lapse of time. That fact is impliedly averred in the assertion contained in the writ, that the plaintiff is entitled to a lien for his

labor, and that the suit is brought to enforce the same. Moreover, if the writ is made within the sixty days, the attachment might not be made within that time ; and it would be awkward to allege in a writ that an attachment upon the writ was seasonably made. The point raised is one of proof rather than of pleading. It is clearly made so by R. S., c. 91, § 36. *Parks* v. *Crockett*, 61 Maine, 489. *Exceptions sustained.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.